UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of Colorado,<br><br>Defendant. | CASE NO: 1:25-cv-03967<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE DEMAND TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

## **DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief to the Assistant Attorney General of the Civil Rights Division and oversee the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act, ("NVRA") 52 U.S.C. § 20501, *et seq*., and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4. The Attorney General recently received a complaint alleging noncompliance of Secretary Griswold's office with the duties outlined in 52 U.S.C. § 20507.

5. On May 12, 2025, the Attorney General sent a letter to Secretary Griswold seeking information regarding Colorado's compliance with federal election law. See Letter from Attorney General to Secretary Griswold ("May 12 Letter"). Secretary Griswold did not respond to the May 12 Letter.

6. On December 1, 2025, I followed up by email to Secretary Griswold requesting Colorado's Statewide Voter Registration list ("SVRL") (the December 1 Email). The December 1 Email also stated that:

> The United States is prepared at this early stage to enter into an MOU with the State of Colorado regarding the sharing of the nonpublic, unredacted voter registration list. I have attached that MOU, which we believe cures all potential concerns a state might rightfully raise regarding its citizens' private data and identifying information.

7. On December 3, 2025, Secretary Griswold responded by email stating "We received your request. We will not be producing unredacted voter files or signing the MOU." December 3 Email.

8. The May 12 Letter also informed Secretary Griswold that the purpose of the demand for these records was to assist in the Attorney General's efforts in evaluating the complaint.

9. The request specified a deadline for responses of 14 days of the May 12 Letter.

10. On December 3, 2025, Secretary Griswold refused to provide the Attorney General with an electronic copy of Colorado's statewide VRL.

11. True and correct copies of the Justice Department letter dated May 12, 2025, the December 1 Email, and the reply email by Secretary Griswold dated December 3, 2025, are attached to the Memo in support of this Motion. Exhibits 1-3.

12. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 4.

I declare under the penalty of perjury that the above statements are true and correct. Executed on December 11, 2025.

Dated: December 11, 2025, at Washington, DC.

/s/ *Eric Neff*
Eric Neff