IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03967-PAB-CYC

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of Colorado,

    Defendant.

## UNOPPOSED MOTION FOR AN EXTENSION OF TIME

Secretary Jena Griswold, in her official capacity, moves for an extension of time up to and including February 10, 2025, to respond to Plaintiff's Motion for Order to Compel Records Demanded Pursuant to the Civil Rights Act of 1960 ("Mot. to Compel"), Docket No. 2. Undersigned counsel conferred with counsel for the Plaintiff by email and telephone concerning the relief requested in this Motion. D.C.COLO.LCivR. 7.1(a). Plaintiff's counsel indicated that Plaintiff does not oppose the requested relief. As good cause, the Secretary states:

1.    In this action, Plaintiff brings a single claim against the Secretary seeking an "order" requiring the Secretary to "provide to the Attorney General the current electronic copy of Colorado's computerized statewide voter registration list." Compl., Docket No. 1 at 6 (Dec. 11, 2025).

2.    Contemporaneously with the Complaint, Plaintiff filed a document styled as a "Motion to Compel" that—if granted—would provide Plaintiff with all the relief it seeks in this action. *Compare* Compl. at 6 *with* Mot. to Compel at 2-3.

3. The Secretary's responsive pleading deadline is currently set for February 10, 2025. *See* Waiver of Service, Docket No. 9.

4. However, under the local rules, the Secretary's response to the Motion to Compel is due 21 days after the Motion was filed alongside the Complaint, or January 2, 2025. D.C.COLO.LCiv.R. 7.1(d).

5. The Secretary respectfully requests that the response deadline for the Motion to Compel be aligned with the responsive pleading deadline for the following reasons.

6. First, the Motion to Compel is essentially a dispositive motion filed before the Secretary has responded to the Complaint. Additional time is warranted for the Secretary to adequately consider and address the significant issues raised by both the Complaint and the Motion.

7. Second, this case arises under a novel theory within this circuit. *See* Mem. in support of Mot. to Compel, Docket No. 5, ("Mem.") at 1 n.1 (Dec. 11, 2025) (noting that caselaw addressing the statute under which this case is brought "is confined to courts within the Fifth Circuit in the early years following the [Civil Rights Act of 1960's] enactment"). Relying on a 1962 case from out of this circuit, Plaintiff argues that the normal rules of civil procedure do not apply to this case. *See* Mem. at 3. At minimum, this novelty warrants a considered response rather than one drafted over the holiday season and before the Secretary has even responded to the Complaint.

8. Third, undersigned counsel is currently on a longstanding family vacation that began on December 24, 2025, and runs through the current deadline of January 2, 2026. To adequately respond to the novel arguments raised by Plaintiff, counsel requires additional time.

2

9. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for the Plaintiff by email and telephone regarding the relief requested in this motion. Counsel for the Plaintiff indicated that Plaintiff does not oppose the requested relief.

Accordingly, the Secretary respectfully requests an order extending the deadline to respond to the Motion to Compel so that it aligns with the Secretary's responsive pleading deadline, or up to and including February 10, 2025.

Respectfully submitted this 29th day of December, 2025,

PHILIP J. WEISER
Attorney General

s/ Peter G. Baumann

*Peter G. Baumann*
Senior Assistant Attorney General
Public Officials Unit | State Services Section
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: 720.508.6152
peter.baumann@coag.gov

*Attorney for Defendant*