IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State of Colorado,

    Defendant.

---

UNOPPOSED MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING UNOPPOSED MOTION OF COLORADO ALLIANCE FOR RETIRED AMERICANS AND BRITTON DEFORD TO INTERVENE AS INTERVENOR-DEFENDANTS, ECF No. 10

---

Proposed Intervenors Colorado Alliance for Retired Americans and Britton DeFord ("Proposed Intervenors") respectfully move the Court for leave to file supplemental authority supporting Proposed Intervenors' pending motion to intervene, ECF No. 10. *Cf.* Chief Judge Philip A. Brimmer's Practice Standard III(B)(2) ("No . . . supplemental brief[] shall be filed without leave of court.").

First, a federal court in New Hampshire hearing DOJ's parallel suit demanding that state's voter list granted permissive intervention to four individual voters to defend against DOJ's claims. *See* Order, *United States v. Scanlan*, No. 25-cv-371-AJ (D.N.H. Jan. 5, 2026), ECF No. 23. The court recognized the individuals' "personal information would be distributed to the Department of Justice were the United States to prevail in this action," concluding "their presence in this suit will assist the court in the just and equitable

1

adjudication of the matter." *Id.* at 5-6. Proposed Intervenors attach the *Scanlan* Order as Exhibit 1.

Second, a federal court in Hawaii hearing DOJ's parallel voter list suit in that state granted permissive intervention as a defendant to an organization, the NAACP California-Hawaii State Conference ("NAACP CA-HI"), which sought to intervene in part to protect its members—individual voters in Hawaii—from having their private data disclosed to DOJ. *See* Minute Order, *United States of America v. Nago*, 1:25-cv-00522-LEK-RT (D. Haw. Jan. 5. 2026), ECF No. 20. The court determined that NAACP CA-HI had a "claim or defense that shares with the main action a common question of law or fact," and that allowing the organization to intervene would not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (quoting Fed. R. Civ. P. 24(b)(1)(B), (3)). Proposed Intervenors attach the *Nago* Order as Exhibit 2.

Pursuant to D.C.COLO.LCivR 7.1(a), on January 5, 2026, counsel for Proposed Intervenors emailed counsel for the United States and counsel for Secretary Griswold regarding the relief requested in this motion. Counsel for the United States informed counsel for Proposed Intervenors that the United States takes no position on this motion. Counsel for Secretary Griswold informed counsel for Proposed Intervenors that the Secretary does not oppose the relief requested in this motion.

| | |
|---|---|
| Dated: January 5, 2026 | Respectfully submitted,<br><br>/s/ Elisabeth C. Frost<br>**Elisabeth C. Frost**<br>**Joshua C. Abbuhl**<br>**Kevin R. Kowalewski**<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>E-mail: efrost@elias.law<br>E-mail: jabbuhl@elias.law<br>E-mail: kkowalewski@elias.law<br>Attorneys for Proposed Intervenors |