IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03967-PAB-TPO

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of Colorado,

    Defendant.

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Secretary Jena Griswold, in her official capacity, files this response to Plaintiff's Notice, Docket No. 29, referring this Court to a briefing order and schedule from a court in the District of Connecticut. *See* Docket No. 29-1 (Order to Show Cause, *United States v. Thomas*, 3:26-cv-00021-KAD (D. Conn. Jan. 8, 2026).

Despite Plaintiff having filed two-dozen virtually identical lawsuits across the country as of the date of this filing,[1] not a single court has agreed with Plaintiff as to either the merits of its request for unredacted voter rolls or the proper procedure to be applied to Plaintiff's request. This includes the court in the District of Connecticut, which has not "agreed" with Plaintiff as to anything. *Compare* Notice, Docket No. 29 at 1 *with* Docket 29-1, Order to Show Cause.

---

[1] *See* Justice Department Sues Arizona and Connecticut for Failure to Produce Voter Rolls, Office of Public Affairs, U.S. Department of Justice (Jan. 6, 2026), *available at* https://tinyurl.com/ewpcp8zk (referencing lawsuits against 23 states and the District of Columbia).

Instead, the Connecticut Order to Show Cause, Docket No. 29-1, was issued on January 8, 2026, just two days after the United States filed that lawsuit and before the defendant, the Connecticut Secretary of State, had been served, let alone heard. Once the Connecticut Secretary of State entered an appearance and objected to the briefing schedule issued by the District Court of Connecticut, that Court entered a Minute Order on January 14, 2026, attached here as Exhibit A, recognizing that "it appears the parties disagree as to the appropriate procedural posture of this case," and directing the parties to make arguments "as to the procedural path forward in this litigation," as necessary, in briefs related to the Motion to Compel. Ex. A, *United States v. Thomas*, No. 3:26-cv-00021-KAD, Minute Order (D. Conn. Jan. 14, 2026).[2]

Further, another federal district court has taken a different approach to claims identical to the ones Plaintiff brings here. Confronted with a similar motion to compel, the court in *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS (C.D. Cal.), granted California's ex parte application to deny or defer briefing on that motion. *See* Exhibit B. There, the California federal district court "vacated" "all deadlines associated with Plaintiff's Motion," and deferred any consideration of that Motion under after a scheduling conference convened pursuant to Fed. R. Civ. P. 16. *Id.* And yesterday, the same court denied DOJ's Motion to Compel—concluding the Federal Rules of Civil Procedure govern actions brought under the Civil Rights Act—and granted California's Motion to Dismiss. *See* Exhibit C, *Weber*, Order Granting Motions to Dismiss (Jan. 15, 2026).

---

[2] The District Court of Connecticut has since issued an order correcting references to the "Voting Rights Act" in its January 14 Order to refer to the "Civil Rights Act." *United States v. Thomas*, No. 3:26-cv-00021-KAD, Minute Order (D. Conn. Jan. 15, 2026).

The goal of Plaintiff's Notice is unclear. To the extent Plaintiff is arguing for expedited consideration of its Motion to Compel, that argument was waived when it failed to object to the Secretary's Motion for an Extension of Time. *See* Docket No. 21. To the extent Plaintiff is bolstering its argument for a summary proceeding, that procedural question can and should be argued in the forthcoming briefing—just as it will be in the District of Connecticut.

In this case, the Secretary's response to both the Complaint and the Motion to Compel are due on February 10, 2026, pursuant to this Court's order. Waiver of Service, Docket No. 9 (Dec. 17, 2025); Minute Order, Docket No. 22 (Dec. 30, 2025). Consistent with the Federal Rules of Civil Procedure, the Secretary will respond to both pleadings at that time.

Respectfully submitted this 16th day of January, 2026,

PHILIP J. WEISER
Attorney General

s/ Peter G. Baumann
*Peter G. Baumann*
Senior Assistant Attorney General
Public Officials Unit | State Services Section
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone:  720.508.6152
peter.baumann@coag.gov

*Attorney for Defendant*