**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03967-PAB-TPO

THE UNITED STATES OF AMERICA,
    Plaintiff,

v.

JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of Colorado,
    Defendant.

**OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
BY DANIELLE PURDY**

Danielle Purdy, an "independent researcher and resident of Colorado" seeks leave to submit an amicus brief in this matter. Purdy Mot. for Leave to File Amicus Curiae Br. (Docket No. 33). In general, the Secretary welcomes outside perspectives and arguments in this litigation but believes that amicus participation is appropriate where the proposed briefing "is relevant to" or "useful to the resolution of [the] case." *Rio Grande Found. v. Oliver*, 154 F.4th 1213, 1230 n.12 (10th Cir. 2025). Here, however, Ms. Purdy's proposed amicus brief does not meet this standard for three reasons.

*First*, the proposed brief seeks to import facts into this case that are not included in the record. *Cf. Or.-Cal. Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1074 (D. Colo. 2020) (denying leave to file amicus brief that relied "on information or documents outside the administrative record"). Specifically, the proposed amicus asks the Court to consider "561 voluntary 'Voter Waivers and Declarations.'" Purdy Mot. for Leave (Docket No. 33) at 2. These declarations are not included in the record, are hearsay, and are not properly before the Court at this stage of the proceedings. Even if these declarations were relevant, which they are not, they should come from

the parties to this lawsuit so that they may be challenged and cross-examined consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

*Second*, the "strength" and "usefulness of the information and argument presented" by Ms. Purdy's amicus does not warrant the Court's leave. *See Or.-Cal. Trails Ass'n*, 467 F. Supp. 3d at 1073 (adopting factors used to evaluate proposed amicus brief). Here, the proposed amicus seeks to introduce "waivers" from 561 voters who have agreed to "formally waive any state-level privacy protections regarding [their] voter registration data." Exhibit to Purdy Mot. for Leave (Docket No. 33-2) at 14. But the proposed amicus takes no steps to confirm that these individuals are registered to vote in Colorado. And more fundamentally, Colorado's voter registration list includes over 4.5 million people.[1] That less than 0.02% of those voters are willing to waive their rights under state privacy laws is irrelevant to whether those laws prohibit disclosure of this information more generally.

*Finally*, even if this information were relevant, the waivers submitted by the proposed amicus indicate that the individuals have waived any "state-level privacy protections." Exhibit to Purdy Mot. for Leave (Docket No. 33-2) at 14. But as the Secretary explained in her opposition to DOJ's Motion to Compel, disclosure of the information DOJ seeks would also violate several federal privacy laws. Resp. to Mot. to Compel (Docket No. 37) at 12-13.

For these reasons, Ms. Purdy's motion for leave to file an amicus brief should be denied.

---

[1] The Secretary publishes monthly registration statistics on its website. As of January 2026, there were a total of 4,614,222 registered voters in Colorado's voter registration database, including just over 4 million active voters, just under 500,000 inactive voters, and just over 100,000 pre-registered voters (voters who are not yet eligible to vote). This data is available here: https://www.sos.state.co.us/pubs/elections/VoterRegNumbers/VoterRegNumbers.html.

| | |
|---|---|
| Dated: February 11, 2026 | PHILIP J. WEISER<br>Attorney General |
| | /s Peter G. Baumann |
| | **Peter G. Baumann**, Senior Assistant Attorney General<br>**Lane Towery**, Assistant Attorney General<br>1300 Broadway, Denver, CO 80203<br>Telephone: (720) 508-6000<br>Email: peter.baumann@coag.gov; lane.towery@coag.gov<br>Attorneys for Secretary Jena Griswold |