FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:03 am, Mar 09, 2026
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

Defendant.

## AMICUS CURIAE SUPPLEMENTAL STATEMENT OF FACT

Subject: Evidence of Voter Roll Maintenance Failures and Disparate Impact on Rural Voters

### I. IDENTITY OF AMICUS CURIAE

I, Danielle Purdy, appearing pro se, am a resident of Cripple Creek, Colorado—a rural, high-altitude community where USPS provides no residential delivery, requiring PO Boxes for mail. I submit this statement to demonstrate systemic failures in the Secretary of State's (SOS) voter roll maintenance under the National Voter Registration Act (NVRA), 52 U.S.C. § 20507.

### II. FAILURE TO RECONCILE STATE DATA

The SOS claims "automatic" updates via SCORE are a "gold standard." Yet, the case of voter Riley Purdy shows otherwise:

The Colorado Department of Revenue (Gaming Division) maintains his current, verified residential address for his active professional license.

SCORE still lists an address vacated over two years ago.

This mismatch caused his classification as "Inactive," despite the State possessing reliable, current address data.

Under NVRA § 20507(a)(4) & (b), states must make a "reasonable effort" to ensure accurate rolls using available information and follow specific procedures before removing voters.

### III. THE RURAL CATCH-22

SOS reliance on returned mail to trigger "Inactive" status (C.R.S. § 1-2-605) disproportionately burdens rural mountain voters:

In areas like Cripple Creek and Florissant, USPS delivers only to PO Boxes—no residential delivery.

SOS mails to the listed "residential" address (known undeliverable), guaranteeing return as undeliverable.

Returned mail then justifies "Inactive" status, even when SOS holds correct mailing/address data from other agencies.

This creates disparate impact on rural voters and fails NVRA's uniformity and reasonable-effort requirements.

IV. CONCRETE INJURY

Contrary to the Motion to Dismiss:

Inactive status imposes a tangible burden: voters must take extra steps to reactivate registration and receive mail ballots in Colorado's all-mail system.

This shifts maintenance responsibility from the State to the voter, risking delayed or lost ballot access.

The issue affects thousands in PO Box-only jurisdictions, creating systemic harm.

V. CONCLUSION

The SOS fails to use reliable intra-state data and imposes discriminatory barriers via known delivery limitations. This evidence supports denial of the Motion to Dismiss and warrants further scrutiny of SOS practices.

Respectfully submitted this 9th day of March, 2026.

/s/ Danielle Purdy

Danielle Purdy, Pro Se

PO Box 1234

Cripple Creek, CO 80813

719-895-0655

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing Amicus Curiae Supplemental Statement of Fact with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

I further certify that I served a true and correct copy of the foregoing document via electronic mail upon the following counsel of record:

Eric Neff

eric.neff@usdoj.gov

Lane Towery

lane.towery@coag.gov

E. Frost

efrost@elias.law

S. Neel

sneel@aclu-co.org

T. MacDonald

tmacdonald@aclu-co.org

Peter Baumann

peter.baumann@coag.gov

/ s / Danielle Purdy

Danielle Purdy, Pro Se

PO Box 1234

Cripple Creek, CO 80813

719-895-0655