# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor and chief election officer for the State of Utah, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [ECF NO. 5] MOTION TO INTERVENE AS DEFENDANTS** <br><br> Case No. 2:26-cv-0166-DBB-DAO <br><br> District Judge David Barlow |

Before the court is NAACP Tri-State Conference of Idaho, Nevada, and Utah and the National Association for the Advancement of Colored People's (collectively, "NAACP") Motion to Intervene as Defendants.[1] Neither Plaintiff nor Defendant filed an opposition to the NAACP's motion.[2] Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[3]

**BACKGROUND**

The United States brings this action against Lieutenant Governor Henderson in her role as Utah's chief election officer.[4] The United States seeks an order requiring her to provide the United States Department of Justice ("DOJ") with Utah's unredacted computerized statewide voter registration list.[5] The United States claims authority to review the voter registration list

---

[1] Mot. to Intervene as Defs. ("Mot. to Intervene"), ECF No. 5, filed March 5, 2026.
[2] The deadline to file any response was March 19, 2026.
[3] *See* DUCivR 7-1(g).
[4] Compl. ¶ 8, ECF No. 1, filed February 26, 2026.
[5] *Id.* ¶ 35.

under the Civil Rights Act of 1960.[6] Seven days after the Complaint was filed in this case, the

NAACP filed its Motion to Intervene as Defendants.[7] The NAACP argues that it can intervene as

of right, or in the alternative, the court should grant permissive intervention.[8]

## STANDARD

Under Rule 24(a) and Tenth Circuit precedent, to intervene as of right a party "must

establish that (1) the application is timely; (2) it claims an interest relating to the property or

transaction which is the subject of the action; (3) the interest may as a practical matter be

impaired or impeded; and (4) the interest may not be adequately represented by existing

parties."[9] The Tenth Circuit "has historically taken a liberal approach to intervention and thus

favors the granting of motions to intervene."[10] In addition, the Tenth Circuit has "'relaxed'

intervention requirements in 'cases raising significant public interests' . . . ."[11]

## DISCUSSION

The court first notes that this case raises "significant public interests" and thus "the

requirements for intervention may be relaxed."[12] "No right is more precious in a free country

than that of having a voice in the election of those who make the laws under which, as good

citizens, we must live."[13] As such, any action that may possibly interfere with or dissuade people

from exercising that right is of significant public interest. This case involves the provision of

---

[6] *Id.* ¶¶ 30–35.
[7] Mot. to Intervene.
[8] *Id.* 1.
[9] *Kane v. United States*, 928 F.3d 877, 890 (10th Cir. 2019).
[10] *Id.*
[11] *Id.* at 896 (quoting *San Juan Cty v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007)).
[12] *Id.* at 890.
[13] *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

2

voter information from the state to the federal government, and thus plainly involves significant public interests.

Next, the court considers Rule 24's requirements. First, the motion to intervene must be timely.[14] Here, the motion was filed seven days after the complaint. There is no disputing that the motion was timely.

Second, the NAACP "must have an interest that could be adversely affected by the litigation."[15] The court applies "'practical judgment' when 'determining whether the strength of the interest and the potential risk of injury to that interest justify intervention.'"[16] "Establishing the potential impairment of such an interest "'presents a minimal burden.'"[17] Here, the NAACP is the oldest civil rights organization in the United States, with numerous members nationally and several hundred NAACP Tri-State members in Utah whose private information may be disclosed.[18] The NAACP also has an interest in the potential of any disclosure affecting its voter turnout and registration efforts.[19]

Third, the NAACP "must show that existing parties may not adequately represent its interest."[20] "This burden is 'minimal,' and 'it is enough to show that the representation *may* be inadequate.'"[21] For a proposed intervenor to establish inadequate representation by a

---

[14] *Kane*, 928 F.3d at 890.

[15] *Id.* (quoting *San Juan Cty,* 503 F.3d at 1199).

[16] *Id.* (quoting *San Juan Cty.*, 503 F.3d at 1199).

[17] *Id.* (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010)).

[18] Motion to Intervene Ex. B, Declaration of Jeanetta Williams ("Williams Dec."), ¶¶ 4, 8–9, 13; Motion to Intervene Ex. A, Declaration of Anthony P. Ashton ("Ashton Dec.") ¶ 10; *see also United States v. Oregon,* No. 6:25-cv-1666, 2025 WL 3496571, at *1 (D. Or. Dec. 5, 2025) (recognizing "disclosure of . . . private information contained in . . . voter registration history" demonstrated risk of impairment to protectable interest); *United States v. Benson,* No. 1:25-cv-01148, 2025 WL 3520406, at *2 (W.D. Mich. Dec. 9, 2025) (similar).

[19] Williams Dec. at ¶¶ 9, 12, 14; Ashton Dec. ¶¶ 8–9, 12–15.

[20] *Kane*, 928 F.3d at 892.

[21] *Id.* (quoting *Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).

representative party, 'the possibility of divergence of interest need not be great,' and this showing 'is easily made' when the representative party is the government." This is because "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." Here, for example, Lt. Gov. Henderson has additional public duties to enforce the National Voter Registration Act and The Help America Vote Act.[22] Her position also likely requires ongoing interactions with the federal government over issues wholly separate from the one at issue in this case.[23] Considered together, these additional considerations differ in their breadth  from the privacy and related interests of the NAACP and its members. This is enough to meet the minimal burden that the current parties may not adequately represent the proposed intervenors' interest.

## ORDER

The proposed intervenors NAACP's Motion to Intervene as Defendants[24] is GRANTED. NAACP is ORDERED to file their proposed Answer[25] or refile their proposed Motion to Dismiss[26] within 3 days of the filing of this order.

---

[22] *See*, *e.g.*, Compl. ¶¶ 11–15 (Discussing the Lt. Gov.'s responsibilities under these statutes).
[23] *See Benson*, 2025 WL 3520406, at *6 ("Michigan has other countervailing incentives—for example, to maintain an election system, comply with federal law, and preserve comity with the federal government—that may ultimately induce it to stop defending the lawsuit or give up the information at issue.").
[24] ECF No. 5.
[25] ECF No. 5, Ex. C.
[26] ECF No. 19.

Signed March 23, 2026.

BY THE COURT

David Barlow
United States District Judge