IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of Colorado,<br><br>Defendant. | Case Number: 1:25-cv-03967-PAB-TPO |

**UNITED STATES' RESPONSE TO DEFENDANT JENA GRISWOLD'S NOTICE OF SUPPLEMENTAL AUTHORITIES (DKT. 67)**

Pursuant to L. Civ.R. 7.1(f), the United States respectfully submits this response to Defendant Jena Griswold's Notice of Supplemental Authority (Dkt. 67).

In *United States v. Amore*, 2026 WL 1040637, at \*5 (D.R.I. Apr. 17, 2026), the district court ruled that the Attorney General's written demand for Rhode Island's statewide voter registration list was legally insufficient under the CRA because it provided no "factual basis" suggesting Rhode Island may be violating the NVRA or HAVA. The court further held that, even if the Attorney General's demand had specified a factual basis, it would still be inadequate because the stated purpose for the demand — enforcement of the NVRA's and HAVA's list maintenance requirements — is "unrelated to voting-related racial discrimination." *Id*. at \*5-6.

*Amore* is incorrect and inapplicable in this case. *First*, the *Amore* court repeated the errors committed by the district courts in California, Oregon, and Massachusetts by holding that the Attorney General must state a *factual* basis for the demand. Nothing in *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), which held that the "factual foundation for, or the sufficiency of," the basis "is not open to judicial review or ascertainment," suggests otherwise. Regardless, the United States provided a factual basis, informing Defendant Griswold in its Demand Letter and Complaint that it was in possession of a complaint alleging that she failed to comply with the list maintenance provisions of the NVRA. Dkt. 5-1, Dkt. 1 at ¶¶ 19-20.

*Second*, nothing in the CRA's text "cabin[s] its application solely" to "voting-related racial discrimination." *Id.* at \*5; *accord United States v. Benson*, 2026 WL 362789, at \*8 (W.D. Mich. Feb. 10), *appeal docketed* No. 26-1225 (6th Cir. 2026).

[Signatures next page]

2

Dated: April 22, 2026

Respectfully submitted,


HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

/s/ *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.923
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 307-2767

Attorneys for the United States

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, a true and correct copy of the foregoing document was served via CM/ECF to all counsels of record.

/s/ *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD