IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

            Plaintiff,

      v.

JENA GRISWOLD, in her Official Capacity
as Secretary of State for the State of
Colorado,

            Defendant.

Case Number: 1:25-cv-03967-PAB-TPO

**UNITED STATES' RESPONSE TO DEFENDANT JENA GRISWOLD'S NOTICE OF
SUPPLEMENTAL AUTHORITIES (DKT. 73)**

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-cv-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. For the reasons the United States has briefed extensively, these courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. § 20701; *see* Dkt. 49 at 22-27. The *WEC* court conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

The *Bellows* court held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. *See* Dkt. 49 at 14-19. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another.").

The *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated – an argument not raised in the parties' briefs regarding the Motions to Dismiss or Response to Motion to

2

Compel. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See* Dkt. 54 at 20-24; *Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Dated: June 1, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

/s/ *Jonathon P. Hauenschild*_____
JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.923
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 307-2767

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing document was served via CM/ECF to all counsels of record.

/s/ *Jonathon P. Hauenschild*

JONATHON P. HAUENSCHILD