IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JENA GRISWOLD, in her Official Capacity as
Secretary of State for the State of Colorado,

     Defendant.

---

## ORDER

---

**Timothy P. O'Hara, United States Magistrate Judge**

This matter is before this Court for consideration of several Motions: (1) the Unopposed

Motion of Colorado Alliance for Retired Americans and Britton Deford (hereinafter, "Proposed

Alliance Intervenors") to Intervene as Intervenor-Defendants [ECF 10];[1] (2) the Motion of

Common Cause, Kyle Giddings, and Dr. Anne Keke (hereinafter, "Proposed Common Cause

Intervenors") to Intervene as Defendants [ECF 17]; (3) the Motion for Leave to File Amicus Curiae

Brief [ECF 33] filed by Ms. Danielle Purdy;[2] and (4) the Unopposed Motion for Leave to file

Proposed Motion to Dismiss and Proposed Opposition to Motion for Order to Compel Records by

---

[1] In support of their Motion to Intervene, Proposed Colorado Voter Intervenors also filed several Motions for Leave to File Notice of Supplemental Authority [ECFs 27, 39, 59, 63, and 71]. The Court **grants** these Motions [ECFs 27, 39, 59, 63, and 71] and has considered these supplemental authorities.

[2] The briefing for Ms. Purdy's Motion for Leave to file Amicus Brief consists of the Motion, ECF 33; Defendant's Response in opposition, ECF 32; and a "Notice of Clarification of Alignment" filed by Ms. Purdy, which this Court construes as a Reply, ECF 45. Ms. Purdy also filed an "Amicus Curiae Supplemental Statement of Fact" without the Court's leave. ECF 53.

Proposed Intervenors Colorado Alliance for Retired Americans and Britton Deford [ECF 38].

These Motions are ripe for review and have been referred to the undersigned by U.S. District Judge

Philip A. Brimmer. For the reasons stated herein, the two Unopposed Motions to Intervene [ECFs

10 and 17] are **granted**. The [opposed] Motion for Leave to File Amicus Curiae Brief [ECF 33] is

**denied**.[3] The Unopposed Motion for Leave to File Proposed Motion to Dismiss and Proposed

Opposition to Motion for Order to Compel Records [ECF 38] is **granted**.

## BACKGROUND

On December 11, 2025, the Attorney General of the United States brought this action

against Colorado Secretary of State, Jena Griswold, under Title II of the Civil Rights Act of 1960,

52 U.S.C. § 20701. *See* ECF 1. The Attorney General has sought an order compelling Defendant

Griswold to disclose "the current electronic copy of Colorado's computerized statewide voter

registration list, with all fields, including each registrant's full name, date of birth, residential

address, and either their state driver's license number, the last four digits of their Social Security

number, or [Help America Vote Act] unique identifier." ECF 1 at 6-7. Also on December 11, 2025,

the Attorney General filed a Motion to Compel the records pursuant to 52 U.S.C. § 20701. *See*

ECF 2.

Two groups have now sought leave to intervene to contest Plaintiff's requested disclosure

of Colorado voter registration information: (1) the Colorado Alliance for Retired Americans and

---

[3] This Court proceeds by order and not recommendation. Neither the Motion to Intervene nor the
Motion to File an Amicus Curiae Brief are dispositive of any Party's claims or defenses, and
issuing an order is not proscribed by statute. *See* 28 U.S.C. § 636(b)(1)(A); *Judicial Watch, Inc. v.
Griswold*, No. 20-cv-02992-PAB-KMT, 2021 WL 4272719, at *2 (D. Colo. Sept. 20, 2021)
("motions to intervene are generally considered to be non-dispositive." (collecting cases)); *e.g.*,
*Lomax v. Starbucks Corp.*, No. 23-cv-01426-GPG-SBP, 2024 WL 554068, at *1 (D. Colo. Feb.
12, 2024) (finding motion for leave to appear as amicus curiae non-dispositive and issuing an
order).

its member, Britton DeFord, *see* ECF 10, and (2) Common Cause and two of its members, Kyle Giddings and Dr. Anne Keke, *see* ECF 17. In their Motions for Leave to Intervene, the Proposed Intervenors highlight that the Department of Justice has sent similar demands to nearly every other state in an "unprecedented" nationwide campaign for unredacted voter registration information. *See* ECFs 10 at 4-5; 17 at 3-4. The Proposed Intervenors contend that the data at risk of disclosure includes highly sensitive, non-public, personal information about all registered Colorado voters. *See* ECFs 10 at 1; 17 at 2.

### *Proposed Intervenor-Defendants Colorado Alliance for Retired Americans and Britton Deford*

On December 17, 2025, the Proposed Alliance Intervenors filed an Unopposed Motion to Intervene as Intervenor-Defendants. ECF 10. The Proposed Alliance Intervenors include 41,000 members of the Colorado Alliance for Retired Americans and an individual member and Colorado voter, Britton DeFord. ECF 10 at 7-9.

The Colorado Alliance for Retired Americans ("the Alliance") is a "501(c)(4) nonprofit, social welfare organization and the Colorado affiliate of the national Alliance for Retired Americans." *Id.* at 8 (citing ECF 10-1 at 34 ¶ 4). Its members are "primarily retirees from unions, who are politically active and engaged." *Id.* (citing ECF 10-1 at 34 ¶ 5). Its goals include "ensuring social and economic justice and full civil rights for all retirees in Colorado," and "[e]ncouraging political participation is central to its mission." *Id.* (citing ECF 10-1 at 35 ¶¶ 7-8). It asserts that disclosure "will undermine the Alliance's mission and harm the privacy interests of its members." *Id.* (citing ECF 10-1 at 35-37 ¶¶ 9-13) The members' concerns include an increased risk of fraud, including social security fraud and identity theft, and that the "current presidential administration will weaponize the data in the statewide voter file against its perceived political enemies," which may include the Alliance's members. *Id.* at 8-9 (citing ECF 10-1 at 36 ¶ 11).

3

Ms. DeFord "is a teacher and registered Colorado voter." *Id.* at 9 (citing ECF 10-1 at 39 ¶¶ 2-3). Her personal information has previously been compromised in data breaches, so she distrusts the federal government's handling of her sensitive date. *Id.* (citing ECF 10-1 at 40-41 ¶ 8). Ms. DeFord also is concerned that the federal government may use the sensitive information for purposes like seeking "retribution against perceived political opponents." *Id.* (citing ECF 10-1 at 41 ¶ 9).

### *Proposed Intervenor-Defendants Common Cause, Kyle Giddings, and Dr. Anne Keke*

On December 19, 2025, the Proposed Common Cause Intervenors filed their Motion to Intervene as Intervenor-Defendants. ECF 17. The Proposed Common Cause Intervenors include Common Cause and its individual members and Colorado voters, Kyle Giddings and Dr. Anne Keke. *Id.* at 1. Neither Plaintiff nor Defendant take a position on the Motion. *See* ECF 17 at 1 n.1.

Common Cause is a "non-partisan organization dedicated to grassroots voter engagement in Colorado" and asserts an interest in protecting its members' voting and privacy rights and in its organizational mission. *Id.* at 2. The organization's voter engagement and assistance efforts "includ[e] registering qualified people to vote, helping voters manage the vote-by-mail process, encouraging participation, and assisting voters who face problems trying to vote." *Id.* at 6 (citing ECF 17-3 ¶¶ 9-10, 13). Important to its success is that voters maintain trust in the State "that information will not be abused, their privacy will be respected, and their right to participate will be honored." *Id.* at 6-7 (citing ECF 17-3 ¶¶ 10-11). Over 24,000 Common Cause members are Colorado voters. *Id.* at 7 (citing ECF 17-3 ¶ 4). Common Cause attests that some members "include voters who are at particular risk of being caught up in the DOJ's efforts to remove voters from voter rolls, whether because they have a supposed 'duplicate' record in the system, registered to vote by mail, have a felony conviction, and/or are naturalized citizens." *Id.* (citing ECF 17-3 ¶¶ 6, 11-12; ECF 17-4 ¶¶ 1-2, 4; ECF 17-5 ¶¶ 6-10). These members may also include Colorado voters

"whose identifying information is particularly important to keep private, for example, due to their status as victims of domestic violence." *Id.* (citing ECF 17-3 ¶¶ 11-12; Colo. Rev. Stat. §§ 24-30-2104, 2108, 2109).

Mr. Giddings and Dr. Keke are individual members who assert that their voting and privacy rights are at risk. *Id.* at 2. Mr. Giddings is a Colorado voter with a prior felony conviction. *See id.* at 7; ECF 17-4 ¶¶ 2, 4. Dr. Keke is a Colorado voter who is a naturalized citizen. *See* ECFs 17 at 7; 17-5 ¶¶ 6-10.

The two groups of Proposed Intervenors share common objectives of protecting Colorado voters' privacy interests and their respective organizational interests in voter engagement and participation.

### *Proposed Amicus Curiae Danielle Purdy*

On February 6, 2026, Danielle Purdy, "an independent researcher and resident of Colorado," sought leave to appear *pro se* as an *amicus curiae*. ECF 33. Ms. Purdy states she has "coordinated the collection of 561 voluntary 'Voter Waivers and Declarations' from residents across 58 of Colorado's 64 counties." *Id.* at 2. She seeks to submit an *amicus* brief to "represent a unique expression of the citizenry's desire for transparency regarding the voter registration records at issue in this case." *Id.* Attached to the Motion is a "Voter Waivers and Declarations" list, which Ms. Purdy asks the Court to consider as "evidence critical to the Court's evaluation of the 'Public Interest' factor" not "currently represented by the parties." *Id.*; ECF 33-2 at 3-13. The Court notes that the information submitted in the attached list was obtained through a Google Forms survey over a period of five days, *see* ECF 33 at 2; ECF 33-2 at 14-15, and Ms. Purdy has not stated the methodology for collecting or verifying the data.

Defendant Secretary Griswold opposes the Motion. ECF 43.

5

## LEGAL STANDARDS

### I.    Intervention

Federal Rule of Civil Procedure Rule 24 provides for intervention as a matter of right and permissive intervention.

A court must permit intervention as a matter of right for a non-party that:

(1) is given an unconditional right to intervene by federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The movant must establish that  "(1) the application is timely; (2) the applicant claims an interest relating to the property . . . which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (cleaned up) (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citing *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)). Additionally, "the requirements for intervention may be relaxed in cases raising significant public interests." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (citation and quotations omitted).

Even if a potential intervenor does not have a right to intervene, "[o]n a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Courts have discretion to grant

6

permissive intervention and "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.      *Amicus Curiae*

The Federal Rules of Civil Procedure have no specific procedure for allowing or denying *amicus* participation. *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. June 17, 2020). Therefore, federal courts retain "broad discretion" to permit *amicus* briefs. *Id.* (quoting *Medina v. Catholic Health Initiatives*, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015)). "Historically, *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Wildearth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. June 20, 2012) (citation and quotations omitted). District courts typically consider several factors in determining whether to allow participation:

> (1) Whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae*'s interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the *amicus curiae* to the court.

*Id.* (quoting *Ass'n of Am. Sch. Paper Suppliers*, 683 F. Supp. 2d 1326, 1328 (Ct. Int'l Trade 2010)).

## ANALYSIS

## I.      Motions for Leave to Intervene

The respective groups of proposed Intervenor-Defendants argue they satisfy both standards for intervention as a matter of right and permissive intervention. The nature of this case and its potential impact on voters are important considerations. Because this case involves the potential disclosure of Colorado voters' personal information to the federal government, it "plainly involves

significant public interests." *United States v. Henderson*, No. 2:26-cv-0166-DBB-DAO, 2026 WL 800636, at **1-2 (D. Utah Mar. 23, 2026) (granting intervention as of right in similar Utah case). The "significant public interest" is evident from the parallel litigation ongoing across the country, many involving similar efforts to intervene as highlighted in the Proposed Colorado Voter Intervenors' Motion, *see* ECF 10-1 at 11-23, and 25-29,[4] and supplemental authorities, *see* ECFs 27-1; 27-2; 39-1; 59-1; 59-2; 63-1; 63-2; 71-1; 71-2; 71-3; and 71-4.[5] Accordingly, the intervention standards may be "relaxed." *Id.* at *1; *Kane*, 928 F.3d at 890. Applying these standards, the Court finds that the movants are entitled to intervene as a matter of right. Because the Proposed Intervenors have asserted similar interests, and because both requests are unopposed, the Court does not conduct detailed individualized analyses.

*Timeliness*

The Proposed Alliance Intervenors timely sought intervention, "a mere six days after DOJ brought suit and before any case schedule has been set." ECF 10 at 10. The Proposed Common Cause Intervenors timely filed their Motion eight days after this action was initiated. *See* ECF 17. No Party has opposed the timeliness, and so the Court finds this factor easily met.

---

[4] *United States v. Benson*, Case No. 1:25-cv-1148-HYJ-PJG, ECF 45 (W.D. Mich. Dec. 9, 2025); *United States v. State of Oregon*, Case No. 6:25-cv-01666-MTK, ECF 52 (D. Or. Dec. 5, 2025).

[5] *United States v. Scanlan*, Case No. 25-cv-371-AJ (D.N.H. Jan. 5, 2026), ECF 23; *United States of America v. Nago*, Case No. 1:25-cv-00522-LEK-RT (D. Haw. Jan. 5, 2026), ECF 20; *United States v. Copeland Hanzas*, Case No. 2:25-cv-903 (D. Vt. Jan. 16, 2026), ECF 41; *United States v. Albence*, Case No. 25-cv-1453 (D. Del. Jan. 15, 2026), ECF 22; *United States v. Raffensperger*, Case No. 26-cv-485 (N.D. Ga. Jan. 30, 2026), ECF 13; *United States v. DeMarinis*, Case No. 25-cv-3934 (D. Md. Feb. 2, 2026), ECF 37; *United States v. Evans*, Case No. 1:25-cv-04403 (D.D.C. Mar. 16, 2026); *United States v. Matthews*, Case No. 3:25-cv-03398 (C.D. Ill. Mar. 2, 2026); *United States v. Henderson*, Case No. 2:26-cv-0166 (D. Utah Mar. 23, 2026); *United States v. Aguilar*, Case No. 3:25-cv-00728 (D. Nev. Mar. 20, 2026); *United States v. Adams*, Case No. 3:26-cv-00019 (E.D. Ky. Apr. 14, 2026); *United States v. Hobbs*, Case No. 3:25-cv-06078 (W.D. Wash. May 18, 2026).

*Impaired Interest*

A movant seeking to intervene as of right "must have an interest that could be adversely affected by the litigation." *San Juan Cnty., Utah v. U.S.*, 503 F.3d 1163, 1199 (10th Cir. 2007). The test is not rigid, but rather, "practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.* A movant bears only a "minimal burden." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010) (citation omitted).

Here, the Proposed Alliance Intervenors have a special interest as a voter advocacy group and as individual members with privacy rights, protected by Colorado statute. ECF 10 at 10-12. They assert that unredacted disclosure would impair these interests. *Id.* at 11. Chilling voter participation would hinder its core mission. For the members, including Ms. DeFord, disclosure poses risks to their sensitive personal data and to their data being used "for retaliation by the federal government against voters who engage in political activities disfavored by the current administration." *Id.*

Similarly, the Proposed Common Cause Intervenors assert their "right to privacy in the sensitive data sought," which is protected by Colorado law, Colo. Rev. Stat. § 1-2-302, and federal law, 5. U.S.C. § 552a(e)(7). ECF 17 at 9. They further assert an interest in "not being disenfranchised by so-called 'election integrity measures.'" *Id.* at 10. Common Cause maintains that its organizational interests and core mission would be harmed from disclosure that may chill voter participation, and from being forced to redirect its efforts from registering and engaging voters to mitigating disenfranchisement of existing voters. *Id.* at 10-11.

Based on these representations, the Court finds that the Proposed Alliance Intervenors and Proposed Common Cause Intervenors have demonstrated interests that may be impaired because

of this litigation. Should the government prevail, personal, non-public data would be disclosed. If the existing Parties were to reach a confidential agreement without the movants' participation, they may lose their ability to meaningfully participate and to advocate for their positions while this issue remains contested. Moreover, as the Proposed Common Cause Intervenors point out, a judgment in Plaintiff's favor may harm the movants' ability to present legal challenges in the future. *See* ECF 17 at 12 (citing *Clinton*, 255 F.3d at 1254). As a result, this first factor supports the Proposed Intervenors' right to intervene.

### *Adequate Representation*

Next, the Court finds that the Proposed Intervenors' interests are not adequately represented by Defendant. This burden here is also "minimal," and adequate representation is presumed where the representative party's interests are identical. *Kane*, 928 F.3d at 892; *see Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 196 (2022) (noting some Circuits presume adequate representation where interests are identical, but presumption applies only where interests fully overlap). The presumption of adequate representation where a movant and existing party share the same objective may be "rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest." *Clinton*, 255 F.3d at 1555.

The Defendant, Secretary Griswold, represents the public interest as a Colorado official, and these interests may not align with the movants' private interests. *See Kobach v. U.S. Election Assistance Com'n*, No. 13-cv-4095-EFM-DJW, 2013 WL 6511874, at *4 (D. Kan. Dec. 12, 2013) (finding that the government defendants "have a duty to represent the public interest, which may diverge from the private interest of [Intervenors]."). Even if Defendant and the Proposed Alliance and Common Cause Intervenors share mutual objectives of opposing the government's Complaint

10

and Motion to Compel, the Court cannot assume that Defendant Griswold will adequately represent these movants' interests. *See Clinton*, 255 F. 3d at 1255-56. The Proposed Alliance Intervenors point out that Defendant Secretary Griswold may be inclined to settle "because she must balance her personal views with her public duties, including under federal and state laws governing voter registration." ECF 10 at 9-10. The movants may raise distinct arguments and issues specific to their privacy and organizational interests that would differ from the Defendant's legal arguments. *See* ECF 17 at 13-14. And because Defendant Secretary Griswold's must "bear in mind broader public-policy implications" in her defense of this litigation, the Defendant's and the movants' interests are "related" but not "identical." *See Berger*, 597 U.S. at 196; *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1168 (10th Cir. 2017). As a result, the Proposed Alliance and Common Cause Intervenors' interests are not adequately represented by Defendant Secretary Griswold.

Considering the "minimal burdens" imposed on proposed intervenors to demonstrate their right to intervene, further "relaxed" because of the significant public interests at issue here, the Court finds that the Proposed Intervenors have a right to intervene as Intervenor Defendants in this matter.

## II.    Motion for Leave to File *Amicus Curiae* Brief

Because the proposed *amicus* would not assist the Court, the Court denies Ms. Purdy's request for leave to file an *amicus* brief.

First, Defendant has opposed the entry of the *amicus*. ECF 43. Defendant argues that Ms. Purdy improperly attempts to "import facts into this case that are not included in the record." *Id.* at 1. (citing *Or.-Cal. Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1074 (D. Colo. 2020)). Defendant also opposes the *amicus* brief because the "waivers" cannot be verified and presents

neither strong nor useful arguments warranting consideration and because the "waivers" are only for "state-level privacy protections." *Id.* at 2. Defendant's opposition weighs against permitting Ms. Purdy's *amicus* participation.

Second, Ms. Purdy seeks to advocate for the Plaintiff's position, *see* ECF 45 ("My interests, and the interests of the 561 voters I represent, are diametrically opposed to those of the Defendant, Secretary Jena Griswold. . . [M]y position aligns with the Plaintiff."), but the government is aptly represented by competent counsel and capable of presenting its own claims. Plaintiff has extensively briefed the government's legal arguments. This factor weighs strongly against granting leave. *See, e.g., Medina v. Catholic Health Initiatives*, No. 13-cv-01249-REB-KLM, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015) (denying *amicus curiae* participation and considering adequate representation as strong factor against permitting *amicus* brief).

Finally, the Court agrees with Defendant that Ms. Purdy's brief fails the "usefulness" factor. Ms. Purdy requests that the Court consider the unverified Google form responses as an "Evidence Log," but the brief fails to identify how this document is useful or relevant to disposition of the Motions to Dismiss or Plaintiff's Motion to Compel. *See, e.g., U.S. v. Bd. of Cnty. Cmmr's of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1118 (D.N.M. 2015) (denying leave to file *amicus* brief because it sought to inject new issues and failed to articulate relevance to the issues). Ms. Purdy also generally states "this evidence is critical for the Court's evaluation of the 'Public Interest' factor" without elaborating on what "public interest factor" is implicated or how the Court should construe the "evidence." *See* ECF 33 at 2. Ms. Purdy's *pro se*, non-attorney *amicus* brief offers no interpretation of the law that would assist the Court, nor does it cite any legal authority. The attached survey results are not useful, nor would they clearly be admissible or judicially noticeable. The Court is unable to verify the data, and the survey methods are unclear—as are Ms.

12

Purdy's credentials or authorization to purportedly "represent" other voters' interests. *See* ECF 45 (stating position of "voters I represent"). Ms. Purdy substantiates the exhibit with nothing but her own affidavit. ECF 33-2 at 2. In any event, even considering the proposed information to be true, 561 Colorado voters waiving their rights to disclosure would bear little on the central legal analyses of this case.

As a result, the Court will deny Ms. Purdy leave to file an *amicus* brief.

## **CONCLUSION[6]**

The Court finds that the Proposed Intervenors have a right to intervene pursuant to Fed. R. Civ. P. 24(a)(2). Accordingly, it is hereby **ordered** that:

1. The Unopposed Motion of Colorado Alliance for Retired Americans and Britton Deford to Intervene as Intervenor-Defendants [ECF 10] is **granted**;

2. The Motion of Common Cause, Kyle Giddings, and Anne Klein to Intervene as Defendants [ECF 17] is **granted**; and

3. The Unopposed Motion for Leave to File Proposed Motion to Dismiss and Proposed Opposition to Motion for Order to Compel Records by Proposed Intervenors Colorado Alliance for Retired Americans and Brittany DeFord [ECF 38] is **granted**.

By **July 10, 2026**, the Alliance Intervenor-Defendants shall file their Motion to Dismiss [ECF 38-1] and Opposition to Motion to Compel [ECF 38-1] as separate docket entries.[7] Also by **July 10, 2026**, the Common Cause Intervenor-Defendants shall file their Proposed Motion to

---

[6] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections to this non-dispositive order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part if the order that is clearly erroneous or is contrary to law." *Id.*

[7] The Court notes that Plaintiff has submitted a brief in opposition to the Alliance Intervenor-Defendants' Motion to Dismiss [ECF 49], and the Alliance Intervenor-Defendants have submitted a Reply [ECF 62]. Because the Parties have already submitted briefing on the Proposed Motion to Dismiss [ECF 38-1], no further briefing shall be permitted on the Common Cause Motion to Dismiss unless the Parties seek leave to amend and/or supplement their briefing.

Dismiss [ECF 17-1] as a separate docket entry. The deadline for filing a Response to the Common

Cause Intervenors' Motion to Dismiss shall be **fourteen (14) days** from the date of filing. The

deadline for filing any Reply shall be **seven (7) days** after the Response is filed.

Consistent with this Court's Order, the Clerk of Court is **directed** to update the case caption

with the Intervenor-Defendants as Parties to this action.

It is **further ordered** that:

4. The Motions for Leave to File Notices of Supplemental Authority [ECFs 27; 39; 59; 63; and 71] are **granted**;[8] and

5. The Motion for Leave to File Amicus Curiae Brief [ECF 33] is **denied**.

DATED at Denver, Colorado, this day of 8th day of July, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

---

[8] The Court has considered the attached supplemental authorities and will not require the Alliance Intervenor-Defendants to file the Notices separately.

14