# Exhibit A



**U.S. Department of Justice**

Civil Rights Division

---

## <u>CONFIDENTIAL MEMORANDUM OF UNDERSTANDING</u>

### I.   PARTIES & POINTS OF CONTACT.

<u>Requester</u>
Federal Agency Name:  Civil Rights Division, U.S. Department of Justice
VRL/Data User:
Title:
Address:
Phone:

<u>VRL/Data Provider</u>
State Agency Name:
Custodian:
Title:
Address:
Phone:

The parties to this Memorandum of Understanding ("MOU" or "Agreement") are the Department of Justice, Civil Rights Division ("Justice Department" or "Department"), and the State of Colorado ("You" or "your state").

### II.   AUTHORITY.

By this Agreement, the State of Colorado ("You" or "your state") has agreed to, and will, provide an electronic copy of your state's complete statewide Voter Registration List ("VRL" or "VRL/Data") to the Civil Rights Division of the U.S. Department of Justice (at times referred to as the "Department").  The VRL/Data must include, among other fields of data, the voter registrant's full name, date of birth, residential address, his or her state driver's license number or

1

the last four digits of the registrant's social security number as required under the HAVA to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A).

The authorities by which this information is requested by the Department of Justice are:

- National Voter Registration Act of 1993, 52 U.S.C. § 20501, *et seq*.

- Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. See 52 U.S.C. § 20501(a).

- Help America Vote Act of 2002, 52 U.S.C. § 20901, *et seq.*

- Attorney General's authority to enforce the Help America Vote Act under 53 U.S.C. § 21111.

- Attorney General authority to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*.

- The Privacy Act of 1974, 5 U.S.C. § 552a, as amended.

## III.    PURPOSE.

A VRL is a Voter Registration List pursuant to the NVRA and HAVA, commonly referred to as "voter roll," compiled by a state – often from information submitted by counties – containing a list of all the state's *eligible* voters.  Regardless of the basis for ineligibility, ineligible voters do not appear on a state's VRL when proper list maintenance is performed by states.  The Justice Department is requesting your state's VRL to test, analyze, and assess states' VRLs for proper list maintenance and compliance with federal law.  In the event the Justice Department's analysis of a VRL results in list maintenance issues, insufficiency, inadequacy, anomalies, or concerns, the Justice Department will notify your state's point of contact   of the issues to assist your state with curing.

The purpose of this MOU is to establish the parties' understanding as to the security protections for data transfer and data access by the Department of Justice of the electronic copy of the statewide voter registration list, including all fields requested by the Department of Justice.

## IV.    TIMING OF AGREEMENT – TIME IS OF ESSENCE.

Although the Justice Department is under no such obligation as a matter of law, because this Agreement is proposed, made, and to be entered into at your state's request as part of your state's transmission of its VRL to the Justice Department, this Agreement is to be fully executed within seven (7) days of the Justice Department presenting this Agreement to you.  Both parties agree that no part of this Agreement or execution is intended to, or will, cause delay of the transmission of your state's VRL to the Justice Department for analysis.

## V.    TIMING OF VRL/DATA TRANSFER.

You agree to transfer an electronic copy of your state's complete statewide VRL/Data to the Civil Rights Division of the U.S. Department of Justice as described in Section III of this Agreement no later than five (5) business days from the execution of this Agreement, which is counted from the last day of the last signatory.

## VI.    METHOD OF VRL/DATA ACCESS OR TRANSFER.

The VRL will be submitted by your state via the Department of Justice's secure file-sharing system, i.e., Justice Enterprise File Sharing (JEFS").  A separate application to use JEFS must be completed and submitted by your state through the Civil Rights Help Desk.  JEFS implements strict access controls to ensure that each user can only access their own files.  All files and folders are tied to a specific user, and each user has defined permissions that govern how they may interact with those files (e.g., read, write, or read-only).

3

Whenever a user attempts to access a file or folder, JEFS validates the request against the assigned permissions to confirm that the user is explicitly authorized. This process guarantees that users can only access files and folders only where they have permission. Users are also limited to the authorized type of interaction with each file or folder. Within the Department of Justice, access to JEFS is restricted to specific roles: Litigation Support, IT staff, and Civil Rights Division staff.

## VII.    LOCATION OF DATA AND CUSTODIAL RESPONSIBILITY.

The parties mutually agree that the Civil Rights Division (also "Department") will be designated as "Custodian" of the file(s) and will be responsible for the observance of all conditions for use and for establishment and maintenance of security agreements as specified in this agreement to prevent unauthorized use. The information that the Department is collecting will be maintained consistent with the Privacy Act of 1974, 5 U.S.C. § 552a. The full list of routine uses for this collection of information can be found in the Systems of Record Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records," 68 Fed. Reg. 47610-01, 611 (August 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). It should be noted that the statutes cited for routine use include NVRA, HAVA, and the Civil Rights Act of 1960, and the Justice Department is making our request pursuant to those statutes. The records in the system of records are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.

VRL/Data storage is similar to the restricted access provided on JEFS and complies with the SORN: Information in computer form is safeguarded and protected in accordance with applicable Department security regulations for systems of records. Only a limited number of staff members who are assigned a specific identification code will be able to use the computer to access

the stored information.  However, a section may decide to allow its employees access to the system in order to perform their official duties.

All systems storing the VRL data will comply with all security requirements applicable to Justice Department systems, including but not limited to all Executive Branch system security requirements (e.g., requirements imposed by the Office of Management and Budget [OMB] and National Institute of Standards and Technology [NIST]), Department of Justice IT Security Standards, and Department of Justice Order 2640.2F.

### VIII.   NVRA/HAVA COMPLIANT VOTER REGISTRATION LIST.

After analysis and assessment of your state's VRL, the Justice Department will securely notify you or your state of any voter list maintenance issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns, the Justice Department found when testing, assessing, and analyzing your state's VRL for NVRA and HAVA compliance, i.e., that your state's VRL only includes eligible voters.

You agree therefore that within forty-five (45) days of receiving that notice from the Justice Department of any issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns, your state will clean its VRL/Data by removing ineligible voters and resubmit the updated VRL/Data to the Civil Rights Division of the Justice Department to verify proper list maintenance has occurred by your state pursuant to the NVRA and HAVA.

### IX.   CONFIDENTIALITY & DEPARTMENT SAFEGUARDS.

Any member of the Justice Department in possession of a VRL/Data will employ reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such data.  Compliance with these safeguards will include secure user authentication protocols deploying either: (i) Two-Factor Authentication ("2FA"), which requires users to go through two layers of security before access is granted to the system; or (ii) the

5

assignment of unique user identifications to each person with computer access plus unique complex passwords, which are not vendor supplied default passwords.

The Department will activate audit logging for the records, files, and data containing the state's VRL/Data in order to identify abnormal use, as well as to track access control, on computers, servers and/or Devices containing the VRL/Data.

For all devices storing records, files, and data containing the VRL/Data: there is (i) up-to-date versions of system security agent software that includes endpoint protection and malware protection and reasonably up-to-date patches and virus definitions, or a version of such software that can still be supported with up-to-date patches and virus definitions, and is set to receive the most current security updates on a regular basis; and (ii) up-to-date operating system security patches designed to maintain the integrity of the personal information.

For all devices storing records, files, and data containing the VRL/Data: there is (i) controlled and locked physical access for the Device; and (ii) the prohibition of the connection of the Device to public or insecure home networks.

There will be no copying of records, files, or data containing the VRL/Data to unencrypted USB drives, CDs, or external storage. In addition, the use of devices outside of moving the records, files, or data to the final stored device location shall be limited.

Any notes, lists, memoranda, indices, compilations prepared or based on an examination of VRL/Data or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose the VRL/Data with such specificity that the VRL/Data can be identified, or by reasonable logical extension can be identified will not be shared by the Department. Any summary results, however, may be shared by the Department.

In addition to the Department's enforcement efforts, the Justice Department may use the information you provide for certain routine, or pre-litigation or litigation purposes including:

present VRL/Data to a court, magistrate, or administrative tribunal; a contractor with the Department of Justice who needs access to the VRL/Data information in order to perform duties related to the Department's list maintenance verification procedures.  Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. § 552a(m).

### X.    LOSS OR BREACH OF DATA.

If a receiving party discovers any loss of VRL/Data, or a breach of security, including any actual or suspected unauthorized access, relating to VRL/Data, the receiving party shall, at its own expense immediately provide written notice to the producing party of such breach; investigate and make reasonable and timely efforts to remediate the effects of the breach, and provide the producing party with assurances reasonably satisfactory to the producing party that such breach shall not recur; and provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The receiving party agrees to cooperate with the producing party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate unauthorized access.

### XI.    DESTRUCTION OF DATA.

The Department will destroy all VRL/Data associated with actual records as soon as the purposes of the list maintenance project have been accomplished and the time required for records retention pursuant to applicable law has passed.  When the project is complete and such retention requirements by law expires, the Justice Department will:

1. Destroy all hard copies containing confidential data (e.g., shredding);

2. Archive and store electronic data containing confidential information offline in a secure location; and

7

3. All other data will be erased or maintained in a secured area.

**XII.    OTHER PROVISIONS.**

A.  Conflicts. This MOU constitutes the full MOU on this subject between the Department and your state. Any inconsistency or conflict between or among the provisions of this MOU, will be resolved in the following order of precedence: (1) this MOU and (2) other documents incorporated by reference in this MOU (e.g., transaction charges).

B.  Severability. Nothing in this MOU is intended to conflict with current law or regulation or the directives of Department, or the your state. If a term of this MOU is inconsistent with such authority, then that term shall be invalid but, to the extent allowable, the remaining terms and conditions of this MOU shall remain in full force and effect.

C.  Assignment. Your state may not assign this MOU, nor may it assign any of its rights or obligations under this MOU.  To the extent allowable by law, this MOU shall inure to the benefit of, and be binding upon, any successors to the Justice Department and your state without restriction.

D.  Waiver. No waiver by either party of any breach of any provision of this MOU shall constitute a waiver of any other breach. Failure of either party to enforce at any time, or from time to time, any provision of this MOU shall not be construed to be a waiver thereof.

E.  Compliance with Other Laws. Nothing in this MOU is intended or should be construed to limit or affect the duties, responsibilities, and rights of the User Agency under the National Voter Registration Act, 52 U.S.C. § 20501 *et seq.*, as amended; the Help America Vote Act, 52 U.S.C. § 20901 *et seq.*, as amended; the Voting Rights Act, 52 U.S.C. § *10301 et seq.*, as amended; and the Civil Rights Act, 52 U.S.C. § 10101 et seq., as amended.

F.  Confidentiality of MOU.  To the extent allowed by applicable law, this MOU, its contents, and the drafts and communications leading up to the execution of this MOU are deemed

by the parties as "confidential."  Any disclosures therefore could be made, if at all,

pursuant to applicable laws or court orders requiring such disclosures.


**SIGNATURES**

<u>VRL/Data Provider</u>

State Agency Name:

Signature: _____ Date of Execution:_____

Authorized Signatory Name Printed:_____

Title: _____


<u>Requester</u>

Federal Agency Name:  Civil Rights Division, U.S. Department of Justice

Signature: _____ Date of Execution:_____

Authorized Signatory Name Printed:_____

Title: _____

9