## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State of Colorado,

 Defendant,

COLORADO ALLIANCE FOR RETIRED AMERICANS and BRITTON DEFORD,

 Intervenor-Defendants,

and

COMMON CAUSE, KYLE GIDDINGS, and ANNE KEKE,

 Intervenor-Defendants.

---

### COLORADO ALLIANCE FOR RETIRED AMERICANS AND BRITTON DEFORD'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF SUPPORTING MOTION TO DISMISS, ECF No. 86

---

Intervenors Colorado Alliance for Retired Americans and Britton DeFord (the "Alliance") respectfully move the Court for leave to file a short supplemental brief supporting their pending motion to dismiss, ECF No. 86, of no more than five (5) pages. *See* Order, ECF No. 84 at 13 n.7 (providing the parties may "seek leave" to "supplement their briefing"); Judge Philip A. Brimmer's Practice Standard III(B)(2) (eff. Dec. 1, 2025) ("No . . . supplemental briefs shall be filed without leave of court.").

1

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), on July 10, 2026, counsel for the Alliance emailed counsel regarding the relief requested in this motion. Counsel for Secretary Griswold informed counsel for the Alliance that the Secretary does not oppose the relief requested. Counsel for the United States informed counsel for the Alliance that the United States takes no position on the relief requested and reserves its right to seek leave to file a response to the supplemental brief. Counsel for Common Cause, Kyle Giddings, and Anne Keke informed counsel for the Alliance that they consent to the relief requested.

## ARGUMENT

In its order granting intervention, the Court directed the Alliance to file its Motion to Dismiss and Opposition to Motion to Compel as separate docket entries. Order, ECF No. 84 at 13.[1] The Court further stated that "[b]ecause the Parties have already submitted briefing" on the Alliance's Motion to Dismiss, "no further briefing shall be permitted . . . unless the Parties seek leave to amend and/or supplement their briefing." *Id.* at 13 n.7.

The Alliance hereby seeks leave to file a short supplemental brief, not to exceed five (5) pages in length, inclusive of the caption and the signature block in accordance with Judge Brimmer's Practice Standards, in support of its motion to dismiss. The Alliance first filed its (then-proposed) motion to dismiss on February 10, 2026, and its (then-proposed) reply brief on March 17, 2026. Since then, eight additional district courts have

---

[1] The Alliance complied with that instruction today. *See* ECF No. 86; ECF No. 87. The briefs filed today are identical to the previously filed proposed versions, ECF No. 38-1 and ECF No. 38-2, except that the term "Proposed Intervenors" is replaced with "Intervenors" throughout, the dates of the filings have been updated to July 10, 2026, and the telephone number for the Elias Law Group LLP has been updated.

2

dismissed parallel cases in which DOJ has sought statewide voter lists from other states, and a court of appeals has affirmed a dismissal. Secretary Griswold has filed notices of supplemental authority, *see* ECFs No. 65, 67, 69, 73, 75, 79, 81, and the United States has responded, *see* ECFs No. 66, 68, 70, 74, 82, 83, however, the Alliance has not had an opportunity to address or discuss these decisions.

The Alliance has unique insight into these decisions, several of which were issued in cases in which sister chapters of the Alliance are intervenors, and seek to very briefly explain why this substantial body of new, directly relevant caselaw provides further grounds for dismissal, including because it demonstrates that Colorado's statewide voter registration list is not a record within the reach of Title III of the Civil Rights Act of 1960. *See* 52 U.S.C. § 20701. The Alliance submits that a short, supplemental brief that concisely explains in one place how this recent authority further supports dismissal would aid the Court's resolution of the case and would promote efficiency, compiling all the authority in one place, where it is now scattershot across the motion to dismiss briefing and multiple notices of supplemental authority. Further, the Alliance would not simply repeat what the Secretary has said about these cases, but provide additional and distinct argument as to how and why they properly support dismissal.

Granting this request would not prejudice any party. Both the United States and the Secretary previously sought and received an enlargement of pages for their briefing on the motion to dismiss, *see* ECF Nos. 47-48, 54-55, whereas the Alliance did not seek an enlargement when it previously filed its then-proposed motion to dismiss and reply brief, which it limited to 15 and 10 pages, respectively, inclusive of the caption and

signature block, in accordance with Judge Brimmer's Practice Standards.

Based on the foregoing, the Alliance submits that good cause exists for granting the present motion and respectfully requests that the Court grant it leave to file a short supplemental brief in support of its motion to dismiss of no more than five (5) pages, inclusive of caption and signature block, on a date to be ordered by this Court.

Respectfully submitted,

Dated: July 10, 2026

**David D. Powell, Jr.**
**Lys Runnerstrom**
GARNETT POWELL MAXIMON
  BARLOW & FARBES
1125 17th St., Suite 2200
Denver, CO 80202
Telephone: (720) 252-7947
E-mail:
david.powell@garnettlegalgroup.com

/s/ Elisabeth C. Frost
**Elisabeth C. Frost**
**Joshua C. Abbuhl**
**Kevin R. Kowalewski**
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135
E-mail: efrost@elias.law
Attorneys for Alliance Intervenors

4