## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Secretary of State of Colorado,

     Defendant,

COLORADO ALLIANCE FOR RETIRED AMERICANS and BRITTON DEFORD,

     Intervenor-Defendants,

and

COMMON CAUSE, KYLE GIDDINGS, and ANNE KEKE,

     Intervenor-Defendants.

---

### COLORADO ALLIANCE FOR RETIRED AMERICANS AND BRITTON DEFORD'S SUPPLEMENTAL BRIEF SUPPORTING MOTION TO DISMISS, ECF No. 86

---

Fifteen district courts and a court of appeals have spoken unanimously: the U.S. Department of Justice's (DOJ) demands for unredacted statewide voter registration lists are invalid.[1] As many of those courts have explained, DOJ's claim seeking Colorado's

---

[1] *See United States v. Toulouse Oliver*, No. 25-cv-01193, 2026 WL 2031479 (D.N.M. July 14, 2026); *United States v. Koski*, No. 3:26-cv-00042, 2026 WL 2032532 (E.D. Va. July 14, 2026); *United States v. Warner*, No. 2:26-cv-00156, 2026 WL 2018877 (S.D.W. Va. July 13, 2026); *United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026); *United States v. Scanlan*, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026); *United States v. Schmidt*, No. 2:25-cv-01481-CB, 2026

1

unredacted list fails at the outset because the list is not a record that "come[s] into []

possession" of state election officials, and it therefore is not subject to production under

Title III of the Civil Rights Act of 1960. 52 U.S.C. § 20701. This ordinary meaning is

confirmed because any other interpretation would place Title III in irreconcilable conflict

with the National Voter Registration Act ("NVRA") and Help America Vote Act ("HAVA").

Although Title III's text is dispositive, parallel court decisions demonstrate that

DOJ's claim also fails for at least three other independent reasons: (1) DOJ's demand

does not state a factual basis; (2) DOJ's demand does not state a valid purpose; and (3)

DOJ has not complied with the Privacy Act. This Court should dismiss the Complaint with

prejudice. *See* ECF No. 86 ("Alliance MTD"); ECF No. 62 ("Alliance Reply").

## ARGUMENT

**I.    Colorado's statewide voter registration list is not subject to production under Title III.**

Title III requires a state election officer to "retain and preserve … all records and

papers which come into his possession relating to any application, registration, payment

of poll tax, or other act requisite to voting[.]" 52 U.S.C. § 20701. Only such "records" or

"papers" are subject to a proper demand by the Attorney General. *Id.* § 20703.

---

WL 1850016 (W.D. Pa. June 27, 2026); *United States v. DeMarinis*, No. CV SAG-25-3934, 2026 WL 1780586 (D. Md. June 18, 2026); *United States v. Wis. Elections Comm'n*, 2026 WL 1430354 (W.D. Wis. May 21, 2026); *United States v. Bellows*, No. 1:25-cv-468, 2026 WL 1430481 (D. Me. May 21, 2026); *United States v. Fontes*, No. 2:26-cv-66, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore*, No. 25-cv-639, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, 1:25-cv-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, 819 F.Supp.3d 753 (W.D. Mich. 2026), *aff'd*, 179 F.4th 470 (6th Cir. 2026); *United States v. Oregon*, No. 6:25-1666, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F.Supp.3d 1168 (C.D. Cal. 2026).

As nine courts have explained in dismissing (or affirming dismissal of) parallel claims, Colorado's statewide voter registration list is outside the scope of Title III because it is *created* by state officials and thus does not "come into" their "possession."[2] *See Benson*, 179 F.4th at 478-81. Title III does not define "[c]ome into … possession", *id.,* and "[w]hen a term is undefined, we must look to its ordinary meaning," *Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1291 (10th Cir. 2024). Here, Colorado generates the statewide voter registration list internally, and "[a]n ordinary English speaker would not say that she has come into possession of something that she created, established, and maintained." *Benson*, 179 F.4th at 478-81.

Other textual indicators buttress that ordinary meaning. For one, "[t]he canon against surplusage indicates that we generally must give effect to all statutory provisions, so that no part will be inoperative or superfluous—each phrase must have distinct meaning." *Navajo Nation v. Dalley*, 896 F.3d 1196, 1215 (10th Cir. 2018). Reading "come into … possession" to limit "records" to externally generated documents ensures that the term chosen by Congress is not relegated to surplusage. *Benson*, 179 F.4th at 480-81. For another, the meaning of "come into possession" is clarified by surrounding text that situates such "records" as "relating to any application, registration, payment of poll tax, or other act requisite, to voting in such election," which are the sorts of records that officials "obtain … from third parties" rather than creating. *Id.* at 476.

---

[2] *Benson*, 179 F.4th at 478-81; *Koski*, 2026 WL 2032532, at *4-6; *Bd. of Elections*, 2026 WL 1999921, at *8-11; *Scanlan*, 2026 WL 1864054, at *4-6; *Schmidt*, 2026 WL 1850016, at *1-2; *DeMarinis*, 2026 1780586, at *4-6; *Wis. Elections Comm'n*, 2026 WL 1430354, at *3-5; *Bellows*, 2026 WL 1430481, at *6-7; *Fontes*, 2026 WL 1177244, at *3-7.

In addition, holding that Colorado's voter registration list is subject to Title III would subject election officials to irreconcilable obligations. Under the NVRA and HAVA, election officials are required to routinely update the list. 52 U.S.C. §§ 20507(a)(4), 21083(a)(4)(A). But if the list were subject to Title III, election officials would be required to "preserve" it and would be subject to criminal penalties if they "alter[ed]" it. 52 U.S.C. §§ 20701, 20702; *see, e.g.*, *Bd. of Elections*, 2026 WL 1999921, at *9 (discussing this "direct[] conflict"). Thus, if Colorado's list falls under Title III, Colorado officials could not comply with the NVRA and HAVA without risking criminal prosecution for "alter[ing]" a covered "record." *See, e.g., DeMarinis*, 2026 WL 1780586, at *4-6 ("This Court will not read § 20701 to produce such an absurd result."). Practical considerations compel the same conclusion: if Title III covered Colorado's list, Colorado would be obliged to somehow retain and preserve every single iteration of a constantly-updated database with millions of entries. *See Scanlan*, 2026 WL 1864054 at *5. It is not plausible that Congress intended to issue such an infeasible command.

## II.    DOJ failed to provide a "basis" for its demand.

Alternatively, or as an additional holding, this Court should join nine others in dismissing because DOJ's demand lacks a valid factual "basis."[3] 52 U.S.C. § 20703. DOJ's May 12 letter alleges entirely unspecified "noncompliance" with the NVRA and DOJ's later email contains no basis at all. *See* Alliance Reply at 3-4. Because DOJ's basis

---

[3] *See Benson*, 179 F.4th at 483; *see also Toulouse Oliver*, 2026 WL 2031479, at *10; *Warner*, 2026 WL 2018877, at *4-6; *Scanlan*, 2026 WL 1864054, at *7-8; *Schmidt*, 2026 WL 1850016, at *2; *Amore*, 2026 WL 1040637, at *5-6, *Galvin*, 2026 WL 972129, at *4-6; *Oregon*, 2026 WL 318402, at *8-9; *Weber*, 816 F.Supp.3d at 1184.

must be found in a single written demand, *Benson*, 179 F.4th at 483, this deficiency cannot be "cur[ed]," *Toulouse Oliver*, 2026 WL 2031479, at \*9.

## III.    DOJ failed to provide a valid "purpose" for its demand.

DOJ's purported purpose, evaluating list maintenance, is entirely absent from its May 12 letter. Alliance Reply at 5. In any event, seven courts have held that auditing list maintenance is not a proper purpose under Title III, or that DOJ has failed to explain how an unredacted voter file is related to that purpose.[4] This Court should do the same.

## IV.    DOJ's collection of Colorado's voter list would violate the Privacy Act.

Finally, the Privacy Act prohibits DOJ from obtaining Colorado's voter registration list unless DOJ publishes a "System of Records Notice (SORN)" that covers the list. *See Weber*, 816 F.Supp.3d at 1193-94 (dismissing for this reason); Alliance MTD at 9-10.

## CONCLUSION

This Court should dismiss the Complaint with prejudice

Respectfully submitted,                          Dated: July 17, 2026

**David D. Powell, Jr.**                         /s/ Elisabeth C. Frost
**Lys Runnerstrom**                              **Elisabeth C. Frost**
GARNETT POWELL MAXIMON BARLOW                    **Joshua C. Abbuhl**
  & FARBES                                       **Kevin R. Kowalewski**
1125 17th St., Suite 2200                        ELIAS LAW GROUP LLP
Denver, CO 80202                                 250 Massachusetts Ave NW, Suite 400
Telephone: (720) 252-7947                        Washington, DC 20001
E-mail: david.powell@garnettlegalgroup.com       Telephone: (202) 948-1135
                                                 E-mail: efrost@elias.law
                                                 Attorneys for Alliance Intervenors

---

[4] *See Warner*, 2026 WL 2018877, at \*4-6; *Scanlan*, 2026 WL 1864054, at \*7-8; *Schmidt*, 2026 WL 1850016, at \*2; *Bellows*, 2026 WL 1430481, at \*7-10; *Amore*, 2026 WL 1040637, at \*6, *Oregon*, 2026 WL 318402, at \*9-10; *Weber*, 816 F.Supp.3d at 1183-84.