IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03967-PAB-TPO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JENA GRISWOLD, in her Official Capacity as Secretary of State for the State of
Colorado,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on the United States' Motion for Order to
Compel Records Demanded Pursuant to the Civil Rights Act of 1960 [Docket No. 2],
defendant Colorado Secretary of State Jena Griswold's Motion to Dismiss [Docket No.
40] pursuant to Fed. R. Civ. P. 12(b)(6), Intervenors Common Cause, Kyle Giddings,
and Anne Keke's Motion to Dismiss [Docket No. 85], and Intervenors Colorado Alliance
for Retired Americans and Britton DeFord's Motion to Dismiss [Docket No. 86].[1]  The
Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    LEGAL BACKGROUND

Title III of the Civil Rights Act (the "CRA") provides that:

---

[1] On June 8, 2026, the magistrate judge granted the motions to intervene of
Common Cause, Kyle Giddings, and Anne Keke (the "Common Cause Intervenors")
and Colorado Alliance for Retired Americans and Britton DeFord (the "Alliance
Intervenors").  Docket No. 84 at 13-14.  On July 10, 2026, the Court granted the Alliance
Intervenors leave to file a supplemental brief in support of their motion to dismiss.  *See*
Docket Nos. 89, 94.

> Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian.  Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.

52 U.S.C. § 20701.  Section 20703, which provides a mechanism for the Attorney General to obtain the records and papers described in § 20701, states as follows:

> Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative.  This demand shall contain a statement of the basis and the purpose therefor.

52 U.S.C. § 20703.

States must maintain a statewide voter registration list ("SVRL") in accordance with the Help America Vote Act ("HAVA") and National Voter Registration Act ("NVRA"). *See* 52 U.S.C. §§ 21083, 20507.  Colorado's SVRL is stored in a database known as SCORE.  Docket No. 37-10 at 1, ¶ 2.  SCORE is "constantly updated" as each county clerk and recorder, upon receiving new information regarding a voter, uploads voter information in SCORE.  *Id.*, ¶ 3.  For instance, SCORE is updated when a voter moves and is updated to remove deceased voters.  *See id.* at 2, 3, ¶¶ 3, 8.  Colorado's Department of State makes available a public version of Colorado's SVRL that excludes

2

a voter's driver's license number, the last four digits of his or her social security number, and the voter's full date of birth. *Id.* at 3, ¶ 11. The public version includes the voter's HAVA identifier, Voter ID, name, address, and birth year. *Id.* The public version also includes information about the voter's party registration. *Id.* The public can request a version of the SVRL that includes voting history. *Id.* Under Colo. Rev. Stat. § 24-72-204(3.5)(b), voters may request that their information be withheld from the public version of the SVRL if inclusion on the public list would expose the voter or his or her immediate family to criminal harassment or bodily harm. *Id.*, ¶ 12.

## II.    FACTUAL BACKGROUND[2]

The Attorney General received a complaint alleging that defendant Jena Griswold ("the Secretary") is failing to comply with 52 U.S.C. § 20507. Docket No. 1 at 5, ¶ 19. On May 12, 2025, the Attorney General sent the Secretary a letter (the "May 12 Letter"), "seeking information regarding Colorado's compliance with federal election law." *Id.*, ¶ 20. The May 12 Letter requested (a) a copy of the records identified in § 20701 and a certification that no record required for preservation has been deleted, destroyed, or altered from its original form, *id.*, ¶ 21; (b) that the Secretary provide "all statutes, regulations, written guidance, internal policies, or database user manuals that set out the procedures Colorado has put in place relating to implementing the requirements of 52 U.S.C. § 20701," *id.*; and (c) that the information be provided within 14 days. *Id.*, ¶ 22. On May 27, 2025, the Secretary responded to the May 12 Letter, providing information from the public version of the SVRL and an addendum with the

---

[2] The well-pled facts taken from the United States' complaint, Docket No. 1, are presumed true for the purpose of ruling on the Secretary's motion to dismiss.

relevant statutes and regulations.  *See* Docket No. 37-10 at 3, ¶ 14; Docket No. 37-3 at

2-3.  The Secretary did not provide information from the nonpublic version of the SVLR,

which includes a voter's driver's license number, the last four digits of his or her social

security number, and the voter's full date of birth.  Docket No. 37-3 at 2-3; Docket No.

37-10 at 3, ¶ 11.[3]

On December 1, 2025, the United States sent a follow-up email to the Secretary

requesting Colorado's SVRL.  Docket No. 1 at 5-6, ¶ 24.  The email read:

> The United States is prepared at this early stage to enter into an MOU with the
> State of Colorado regarding the sharing of the nonpublic, unredacted voter
> registration list.  I have attached that MOU, which we believe cures all potential
> concerns a state might rightfully raise regarding its citizens' private data and
> identifying information.

*Id.*  On December 3, 2025, the Secretary responded, "We received your request.  We

will not be producing unredacted voter files or signing the MOU."  *Id.* at 6, ¶ 25.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the

facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken*

*Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534

F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the

---

[3] The United States does not dispute that the Secretary responded and provided
information that was responsive to all of its requests, except for the request for
nonpublic SVRL information.  *See* Docket No. 49 at 7 n.2.

statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly,* 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## IV.    ANALYSIS

The United States brings a single claim alleging that the Secretary violated 52 U.S.C. § 20703 by failing to produce the records requested by the United States.  *See* Docket No. 1 at 6, ¶¶ 26-28.  The United States also filed a motion to compel these records pursuant to § 20701.  *See* Docket No. 2 at 1.  The United States requests a

copy of the SVRL that includes each registrant's name, date of birth, address, the last four digits of the registrant's social security number, and driver's license number, state identification number, or HAVA identifier.  *See id.* at 2-3.

### A.  Whether the Federal Rules of Civil Procedure Apply

The United States relies on *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962), for the proposition that the Federal Rules of Civil Procedure do not govern this case or apply to the Secretary's Rule 12(b)(6) motion to dismiss.  Docket No. 49 at 9-11.  Furthermore, the United States contends that the Secretary may not, through her motion, question the Attorney General's basis and purpose for his request under Title III.  *See id.* at 21.  In *Lynd*, the Fifth Circuit held that the Attorney General demanding records under Title III "is not the commencement of an ordinary, traditional civil action with all of its trappings."  *Lynd*, 306 F.2d at 225.  Thus, *Lynd* held that a Title III action "is a special statutory proceeding" that "does not require pleadings which satisfy usual notions under the Federal Rules of Civil Procedure."  *See id.* at 225-26.  *Lynd* further held that, "[t]here is no place for any other procedural device or maneuver – either before or during any hearing of the application – to ascertain the factual support for, or the sufficiency of, the Attorney General's statement of the basis and the purpose therefor as set forth in the written demand."  *Id.* at 226 (internal quotation and citation omitted).

The Court agrees with other courts to have considered the issue that the statutory text of Title III demonstrates that the Court has the authority to determine whether the Attorney General has complied with the statutory requirements to compel the production of records described in § 20701.  In *United States v. Weber*, 816 F.

Supp. 3d 1168, 1182 (C.D. Cal. 2026), the court found that "[n]othing in the text of Title

III requires a special statutory proceeding or any abbreviated procedures."  Similarly, in

*United States v. Oregon*, 2026 WL 318402, at *8 (D. Or. Feb. 5, 2026), the court found

that *Lynd* did not prevent the court from considering the Oregon Secretary of State's

motion to dismiss and that "the starting point is the relevant language of Title III."  *See*

*also United States* v. *Jared DeMarinis*, 2026 WL 1780586, at *3 (D. Md. June 18, 2026)

("Nothing in the CRA or this Court'[s] Local Rules provides that the Federal Rules of

Civil Procedure do not apply to these proceedings, and this Court has entered no such

order.").

The CRA says nothing suggesting the inapplicability of the Federal Rules of Civil

Procedure.  Under § 20705,

> The United States district court for the district in which a demand is made
> pursuant to section 20703 of this title, or in which a record or paper so demanded
> is located, shall have jurisdiction by appropriate process to compel the production
> of such record or paper.

52 U.S.C. § 20705.  In *United States v. Powell*, 379 U.S. 48, 51 (1964), the Supreme

Court considered an enforcement proceeding brought by the government pursuant to 26

U.S.C. § 7604(a), which governs the enforcement of summons issued by the Internal

Revenue Service.  Like § 20705, § 7604(a) affords the United States district court

"jurisdiction by appropriate process to compel such attendance, testimony, or production

of books, papers, records, or other data."  26 U.S.C. § 7604(a).  *Powell* held that,

"[b]ecause s 7604(a) contains no provision specifying the procedure to be followed in

invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply."  *Powell*,

379 U.S. at 58 n.18.  Similarly, here, there is no provision that specifies the procedure to

be followed and therefore the Federal Rules of Civil Procedure apply.  "The Federal

Rules are the default rules in civil litigation" and, while "Congress may override that command when it wishes," courts do not "lightly infer that Congress has done so; and silence on the subject is seldom enough." *See United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023).  Accordingly, the Court finds that the Federal Rules of Civil Procedure govern and the Court can "evaluat[e] the sufficiency of Plaintiff's allegations regarding Defendants' alleged failure to comply with Title III, including whether – applying Rule 12(b)(6) standards – a valid Title III demand was made in the first place."  *See Oregon*, 2026 WL 318402, at *8.

B. **Whether the United States Requests Records Covered by Title III of the CRA**

The Secretary moves to dismiss the United States' complaint pursuant to Rule 12(b)(6), arguing that the United States fails to allege a plausible claim for relief under § 20703 because (1) the nonpublic SVRL requested by the United States does not constitute a record under Title III of the CRA; (2) the United States does not plausibly allege a sufficient basis and valid purpose for its request; and (3) only in-person inspection of covered records is permitted under § 20703.  *See* Docket No. 40 at 9.  The Common Cause Intervenors argue that the United States' demand exceeds the statutory authority granted by the CRA, any records disclosed under the CRA should be redacted, and that the Federal Rules of Civil Procedure govern and the United States is therefore not entitled to a summary disposition of this case.  *See* Docket No. 85 at 5-18. The Alliance Intervenors also argue that the United States has not asserted a proper basis and purpose for its demand, Title III does not prohibit the redaction of sensitive voter information, and that the United States failed to comply with the Privacy Act.  *See* Docket No. 86 at 5-15.

8

The United States responds that (a) the United States' purpose in requesting records under § 20703 need not be related to investigating race-based denial of voting rights and the Secretary cannot challenge the Attorney General's basis and purpose for requesting records, Docket No. 49 at 14-22; (b) Colorado's SVRL constitutes a record under § 20701, *id.* at 22-28; and (c) the United States is entitled to all information in the SVRL, notwithstanding Colo. Rev. Stat. § 24-72-204. *Id.* at 28-31. In response to the Common Cause Intervenors,[4] the United States also contends that Title III requires the Secretary to comply with its demand and that the demand does not violate federal or state privacy laws. *See* Docket No. 98 at 4-14.

The demand that the United States seeks to enforce is the December 1 demand for information from the nonpublic SVRL. As articulated in the December 1 email, the United States seeks records listing each voter's name, date of birth, address, last four digits of the voter's social security number, and driver's license number, state identification number, or HAVA identifier. *See* Docket No. 1 at 5-6, ¶ 24; Docket No. 2 at 2-3.

Pursuant to 52 U.S.C. § 20703, the demand submitted by the Attorney General "shall contain a statement of the basis and the purpose" for the demand. The December 1 email does not state a basis and purpose for demanding a "nonpublic, unredacted voter registration list," but rather states that it is a "follow up from original correspondence that began in May." *See* Docket No. 5-1 at 5. The May 12 Letter did not include a demand for the nonpublic SVRL. *See* Docket No. 1 at 5; Docket No. 5-1

---

[4] The United States filed a response to Common Cause Intervenors' motion to dismiss, Docket No. 98, but not the Alliance Intervenors' motion to dismiss.

at 2-3.  Therefore, the December 1 email failed to provide a sufficient basis and purpose for requesting the nonpublic SVRL.  *See Oregon*, 2026 WL 318402, at *9 (rejecting plaintiff's "patchwork and post hoc effort to stitch together a legally sufficient 'statement of the basis'" between two separate letters sent to defendant).  Even if the United States did provide a proper purpose and basis under § 20703 in the December 1 email, the Court, for reasons discussed below, finds that the nonpublic SVRL is not a record as contemplated under §§ 20701 and 20703.

A demand made under § 20703 applies to "[a]ny record or paper required by section 20701."  52 U.S.C. § 20703.  Section 20701, in turn, covers "all records and papers which come into [the state's] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election."
In cases where the United States has sought SVRLs pursuant to § 20703, courts have found that "a voter registration list is not a record subject to retention and preservation under § 20701."  *See United States v. Wis. Elections Comm'n*, --- F. Supp 3d ----, 2026 WL 1430354, at *3 (W.D. Wis. May 21, 2026); *see, e.g., United States v. Benson*, 819 F. Supp. 3d 753, 768 (W.D. Mich. 2026) (agreeing that § 20701 "refers only to documents that people submit to the State as part of the voter registration process, not a document like the voter registration list that is created by state officials"); *United States v. Bellows*, --- F. Supp 3d ----, 2026 WL 1430481, at *6 (D. Me. May 21, 2026) ("Title III's commands therefore pertain to records and papers that election officials receive from prospective voters to support the exercise of the suffrage by the prospective voters, not lists or other tools created by election officials for the purpose of preserving the information provided by voters and ensuring that persons appearing to

vote are registered."); *United States v. Fontes*, --- F. Supp 3d ----, 2026 WL 1177244, at

*5 (D. Ariz. Apr. 28, 2026) ("based on the plain meaning of the text of § 20701,

Arizona's SVRL is not a document subject to request by the Attorney General pursuant

to § 20703"); *DeMarinis*, 2026 WL 1780586, at *5 ("Accordingly, this Court joins every

court to have addressed this issue in concluding that an SVRL is not a record or paper

that a state must produce to the United States under the CRA."); *United States of*

*American v. Bd. OF Elections of the State of N.Y.*, 2026 WL 1999921, at *8 (N.D.N.Y.

July 10, 2026) ("Plaintiff's CRA claim fails at the outset for an even more fundamental

reason – the Attorney General is simply not entitled to the NYSVoter List under Title III.

This conclusion is supported by six recent district court decisions which have

determined that voter registration lists are not records subject to retention and

preservation under § 20701."); *United States v. Koski,* 2026 WL 2032532, at *4 (E.D.

Va. July 14, 2026) ("corresponding with a growing group of federal courts in analogous

suits, this Court holds that Virginia's SVRL is not a record subject to production under

Title III of the CRA").

Section 20701 covers records and papers "which come into [the state's]

possession," *see* 52 U.S.C. § 20701, referring "to a process by which someone *acquires*

an item from an external source." *See Benson*, 819 F. Supp. 3d at 768. Section 20701

applies to those documents that "election officials *receive*, rather than *create*,"

specifying that such documents must relate to "any application, registration, payment of

poll tax, or other act requisite to voting in such election." *Id.* at 768-69 (citing 52 U.S.C.

§ 20701). These are terms that "refer[] to something that the voter submits or does as

part of the registration process." *Id.* If Section 20701 also covered records created by

11

the state, then the phrase "come into [the state's] possession" would be superfluous.
*See Fontes*, 2026 WL 1177244, at *2 ("if § 20701 was intended to encompass records
created by the state, that meaning could have been achieved by omitting the phrase
altogether"); *Green Tree Acceptance, Inc. v. Wyo. Nat'l Bank*, 1 F.3d 1249, 5 (10th Cir.
1993) ("statutes should be construed to avoid making any word superfluous").

Furthermore, if § 20701's definition of records includes Colorado's SVRL, then
§ 20701 would be in conflict with other statutes that regulate the maintenance of voter
registration records.  The NVRA and HAVA require "an SVRL's constant alteration" to
ensure that the SVRL contains accurate voter information.  *See DeMarinis,* 2026 WL
1780586, at *5; 52 U.S.C. §§ 20501(b)(4), 20507(a)(4), 21083(a)(1)(A).  Section
§ 20702 criminalizes the alteration of "any record or paper required by section 20701 of
this title to be retained and preserved."  *See* 52 U.S.C. § 20702.  If the Court were to
adopt the United States' proposed definition of "record or paper," the Secretary would
violate 52 U.S.C. § 20702 each time she updated the SVRL to comply with the NVRA
and HAVA.  *See DeMarinis,* 2026 WL 1780586, at *5 ("The United States's proposed
interpretation of the CRA would therefore criminalize the same conduct that the NVRA
and HAVA require.  This Court will not read § 20701 to produce such an absurd
result.").

The authorities cited by the United States do not support its position.  *See* Docket
No. 49 at 22-24.  For instance, in *Jud. Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 438
(D. Md. 2019), the court considered whether a voter registration list is a record under
Section 8(i) of the NVRA, not § 20701.  In *State of Ala. ex rel. Gallion v. Rogers*, 187 F.
Supp. 848, 851 (M.D. Ala. 1960), *aff'd sub nom. Dinkens v. Att'y Gen. of U. S.*, 285 F.2d

12

430 (5th Cir. 1961), plaintiff requested "production of all records and papers in [defendants'] possession or under their control relating to any application, registration, payment of poll tax, or other act requisite to voting."  Thus, the plaintiff in *Gallion* requested records unequivocally covered under § 20701 and the court did not reach the question of whether voter rolls would constitute records or papers under the statute.

In order to state a claim for violation of § 20703, the United States must allege that it requested a "record or paper required by section 20701."  52 U.S.C. § 20703.  Because the Court finds that Colorado's SVRL is not a record or paper that must be produced pursuant to §§ 20701 and 20703, the United States has failed to state a claim under § 20703.  Accordingly, the Court will grant the motions to dismiss of the Secretary, the Common Cause Intervenors, and the Alliance Intervenors and deny the United States' motion to compel and dismiss its claims.

V.    **CONCLUSION**

Therefore, it is

**ORDERED** that the United States' Motion for Order to Compel Records Demanded Pursuant to the Civil Rights Act of 1960 [Docket No. 2] is **DENIED**.  It is further

**ORDERED** that Secretary of State Jena Griswold's Motion to Dismiss [Docket No. 40] is **GRANTED**.  It is further

**ORDERED** that the Common Cause Intervenors' Motion to Dismiss [Docket No. 85] is **GRANTED**.  It is further

**ORDERED** that the Alliance Intervenors' Motion to Dismiss [Docket No. 86] is **GRANTED**.  It is further

13

ORDERED that the United States' complaint is **DISMISSED with prejudice**.[5]  It

is further

ORDERED that this case is closed.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[5] Because Colorado's SVRL is not a record that must be produced under 52 U.S.C. § 20703, the United States fails to state a claim for relief and amending the complaint would be futile.  Therefore, the Court will dismiss the complaint with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.")